HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BANK OF NEW YORK MELLON TRUST COMPANY NA,<br><br>Plaintiff,<br>v.<br><br>MICHELLE L JANICKI, and CHARLES A. JANICKI,<br><br>Defendants. | CASE NO. C18-5003RBL<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND REMANDING CASE TO STATE COURT |

THIS MATTER is before the Court on the Janickis' Motion to Proceed *in forma pauperis* [Dkt. # 1] filed in conjunction with their Notice of Removal [Dkt. # 1-1] of a state court unlawful detainer action brought by Plaintiff Bank of New York Mellon Trust Company. The Bank alleges that the Janickis are in unlawful possession of a foreclosed home in Gig Harbor. It asserts claims under RCW 61.24.060. The Janickis' Notice of Removal asserts this court has jurisdiction over the case because "federal questions exist" and that the parties are "diverse." They apparently intend defend the unlawful detainer by contesting the underlying foreclosure, claiming rights under the Bankruptcy code. They seek *in forma pauperis* status to avoid paying the filing fee associated with removal.

1  The underlying Pierce County Unlawful Detainer Complaint is attached to the Notice of
2  Removal. [Dkt. 1-1 at 6-8]. It specifically references only "RCW 61.24.060" and the Chapter
3  59.12 RCW. It does not reference, rely upon, or assert any claim under any federal law or statute;
4  it is a plain vanilla, state law eviction case. It seeks possession of the property, fair rent, and fees
5  and costs if the case goes to trial.

6  A district court may permit indigent litigants to proceed *in forma pauperis* upon
7  completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad
8  discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil
9  actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.
10 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in
11 forma pauperis* at the outset if it appears from the face of the proposed [pleading] that the action
12 is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.
13 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint
14 is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (*citing Rizzo v. Dawson*, 778
15 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

16 A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it
17 must nevertheless contain factual assertions sufficient to support a facially plausible claim for
18 relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550
19 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual
20 content that allows the court to draw the reasonable inference that the defendant is liable for the
21 misconduct alleged." *Iqbal*, 556 U.S. at 678.

22 The party asserting federal jurisdiction has the burden of proof to establish jurisdiction.
23 *See Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal.
24

1998). The removal statute is strictly construed against removal jurisdiction, and the strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper. *Id.* at 1198. It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In determining the existence of removal jurisdiction based upon a federal question, the court must look to the complaint as of the time the removal petition was filed. *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (citations omitted).

A defense is not part of a plaintiff's properly pleaded statement of claim. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Accordingly, "a case may not be removed to federal court on the basis of a federal defense." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983).

The underlying complaint does not raise or rely on a federal question, and the Janickis' claim that they have a federal defense is not sufficient to confer jurisdiction. Nor does this Court have diversity jurisdiction over the case. The sole issue in an unlawful detainer action is possession of property. There is no "amount in controversy." *See Green Tree Servicing, LLC v. Shoemaker*, 2005 U.S. Dist. LEXIS 36171, at *8–9 (W.D. Wash. July 15, 2005) (referencing RCW 61.24.060).

The Janickis have not met and cannot meet their burden of establishing that removal was proper, or that this court has jurisdiction over the case. The removal of this action was therefore improper.

The Motion to Proceed *in forma pauperis* is DENIED. The Court will *sua sponte* REMAND this case to the Pierce County Superior Court. The Court will not entertain a motion for fees or costs. The matter is closed.

IT IS SO ORDERED.

Dated this 16th day of January, 2018.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge